THE STATE EX REL. HADDOX, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; JEFFERSON SMURFIT CORPORATION, APPELLANT.

[Cite as *State ex rel. Haddox v. Indus. Comm.* (2000), 88 Ohio St.3d 279.]

(No. 98–961—Submitted January 25, 2000—Decided April 5, 2000.)

* * * "

*Philip J. Fulton & Associates* and *William A. Thorman III*, for appellee.

*Scott, Scriven & Wahoff, L.L.P.,* and *Timothy E. Cowans,* for appellant Jefferson Smurfit Corporation.

**Per Curiam.** Wage loss is "the difference between the employee's present earnings and the greater of the employee's full weekly wage or average weekly wage." Former Ohio Adm.Code 4121–3–32(A)(5), 1987–1988 OMR 64. Where a claimant "suffers a wage loss as a result of returning to employment other than his former position of employment * * *, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss." R.C. 4123.56(B).

R.C. 4123.56(B) requires a showing of both actual wage loss and a causal relationship between the allowed condition and the wage loss. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. Consistent with these criteria, an earlier Ohio Administrative Code provision ordered compensation where a claimant, "as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss." Former Ohio Adm.Code 4121–3–32(D)(1), effective September 26, 1987.

The present claimant's injury propelled him into a job paying a lower hourly rate. Some weeks, however, entailed considerable overtime, and his actual earnings exceeded his FWW. During these weeks, claimant obviously suffered no wage loss and did not allege any such compensation entitlement. At issue is JSC's calculation of claimant's wage loss during those weeks when his FWW exceeded his earnings.

During overtime weeks where actual wages exceeded the FWW, JSC appropriately did not pay wage-loss compensation. It then went one step further and carried over the amount of earnings that exceeded claimant's FWW to the weeks in which claimant's wages fell under that amount. This either eliminated or reduced the amount of wage-loss compensation claimant received during those weeks.

The calculation established by R.C. 4123.56(B) is simple—sixty-six and two-thirds percent of claimant's weekly wage loss. JSC argues that Ohio Adm.Code 4125–1–01(A)(16) affords employers creativity in calculating the amount of wage loss payable where the employee's earnings vary from week to week. This argument fails because Ohio Adm.Code 4125–1–01, by its terms, does not, based on claimant's date of injury, apply to this case.

We also find that R.C. 4123.56(B)'s formula does not create the claimant windfall that JSC asserts. Claimant is seeking wage loss only during the weeks where he actually had a wage loss. Claimant has never asked that his overtime be ignored or excluded in order to generate wage-loss payment in weeks where his actual earnings exceeded his FWW.

JSC argues that nothing specifically mandates a weekly as opposed to aggregate wage comparison. We disagree. R.C. 4123.56(B) refers to the payment of compensation at "sixty-six and two-thirds per cent of [claimant's] *weekly* wage loss." (Emphasis added.) Similarly, former Ohio Adm.Code 4121–3–32(A)(5), applicable to this case, bases the standard for evaluation on claimant's *weekly* wage, be it full or average *weekly* wage. There is, therefore, support for the conclusion that a week-by-week analysis of wage loss is mandated.

We accordingly affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.