[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 279.]

THE STATE EX REL. HADDOX, APPELLEE, *v.* INDUSTRIAL COMMISSION OF

OHIO; JEFFERSON SMURFIT CORPORATION, APPELLANT.

[Cite as *State ex rel. Haddox v. Indus. Comm.*, 2000-Ohio-326.]

*Workers' compensation—Court of appeals' grant of writ of mandamus ordering*
*Industrial Commission to vacate its order and to recalculate claimant's*
*wage loss based upon the difference between claimant's actual weekly*
*earnings and the full weekly wage or average weekly wage affirmed.*

(No. 98-961—Submitted January 25, 2000—Decided April 5, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD01-6.

———————————

{¶ 1} Appellee-claimant, Kermit S. Haddox, was injured in an industrial accident in 1994 while working for appellant, Jefferson Smurfit Corporation ("JSC"). After claimant's workers' compensation claim was allowed, his average weekly wage ("AWW") and full weekly wage ("FWW") were set, with the latter being the higher of the two.

{¶ 2} Claimant missed approximately four months of work. He was eventually released to return to light duty. Claimant did so, securing a position at JSC with a lower hourly rate, but which provided the chance for substantial overtime. Some weeks, the amount of overtime produced earnings in excess of claimant's full weekly wage. Other weeks, it did not.

{¶ 3} As a self-insured employer, JSC began paying working wage-loss compensation. During weeks that claimant's wages exceeded his FWW, claimant neither sought nor received wage-loss compensation. During those weeks in which FWW exceeded claimant's earnings, JSC used a unique method for calculating the amount of compensation due. Any amounts earned over and above the FWW in prior weeks would carry over to weeks in which earnings fell beneath the FWW.

This had the effect of either reducing or eliminating the amount of wage-loss compensation for these weeks.

{¶ 4} Claimant challenged JSC's action administratively. The Industrial Commission of Ohio, however, did not resolve the matter, writing instead:

"The District Hearing Officer finds that neither party has proved whether or not wage loss (working) is or is not being paid at the correct rate.

"The District Hearing Officer orders working wage loss to be paid as follows and makes no other findings on whether working wage loss has or is being paid correctly.

"Wage loss is payable at 66 2/3% of the difference between claimant's wages and the Full Weekly Wage or the Average Weekly Wage, whichever is greater. * * *"

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County. The court of appeals issued the writ, which ordered the commission to vacate its order and to recalculate claimant's wage loss based upon the difference between claimant's actual weekly earnings and the FWW or AWW.

{¶ 6} This cause is now before this court upon an appeal as of right.

—————————

*Philip J. Fulton & Associates* and *William A. Thorman III*, for appellee.

*Scott, Scriven & Wahoff, L.L.P.*, and *Timothy E. Cowans*, for appellant Jefferson Smurfit Corporation.

—————————

***Per Curiam.***

{¶ 7} Wage loss is "the difference between the employee's present earnings and the greater of the employee's full weekly wage or average weekly wage." Former Ohio Adm.Code 4121-3-32(A)(5), 1987-1988 OMR 64. Where a claimant "suffers a wage loss as a result of returning to employment other than his former

2

position of employment * * *, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss." R.C. 4123.56(B).

{¶ 8} R.C. 4123.56(B) requires a showing of both actual wage loss and a causal relationship between the allowed condition and the wage loss. *State ex rel. Watts v. Schottenstein Stores Corp*. (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202. Consistent with these criteria, an earlier Ohio Administrative Code provision ordered compensation where a claimant, "as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss." Former Ohio Adm.Code 4121-3-32(D)(1), effective September 26, 1987.

{¶ 9} The present claimant's injury propelled him into a job paying a lower hourly rate. Some weeks, however, entailed considerable overtime, and his actual earnings exceeded his FWW. During these weeks, claimant obviously suffered no wage loss and did not allege any such compensation entitlement. At issue is JSC's calculation of claimant's wage loss during those weeks when his FWW exceeded his earnings.

{¶ 10} During overtime weeks where actual wages exceeded the FWW, JSC appropriately did not pay wage-loss compensation. It then went one step further and carried over the amount of earnings that exceeded claimant's FWW to the weeks in which claimant's wages fell under that amount. This either eliminated or reduced the amount of wage-loss compensation claimant received during those weeks.

{¶ 11} The calculation established by R.C. 4123.56(B) is simple—sixty-six and two-thirds percent of claimant's weekly wage loss. JSC argues that Ohio Adm.Code 4125-1-01(A)(16) affords employers creativity in calculating the amount of wage loss payable where the employee's earnings vary from week to week. This argument fails because Ohio Adm.Code 4125-1-01, by its terms, does not, based on claimant's date of injury, apply to this case.

**{¶ 12}** We also find that R.C. 4123.56(B)'s formula does not create the claimant windfall that JSC asserts. Claimant is seeking wage loss only during the weeks where he actually had a wage loss. Claimant has never asked that his overtime be ignored or excluded in order to generate wage-loss payment in weeks where his actual earnings exceeded his FWW.

**{¶ 13}** JSC argues that nothing specifically mandates a weekly as opposed to aggregate wage comparison. We disagree. R.C. 4123.56(B) refers to the payment of compensation at "sixty-six and two-thirds per cent of [claimant's] *weekly* wage loss." (Emphasis added.) Similarly, former Ohio Adm.Code 4121-3-32(A)(5), applicable to this case, bases the standard for evaluation on claimant's *weekly* wage, be it full or average *weekly* wage. There is, therefore, support for the conclusion that a week-by-week analysis of wage loss is mandated.

**{¶ 14}** We accordingly affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

4